UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PINKAS GLAUBER,<br><br>　　　　　　　　Plaintiff,<br><br>　　--against--<br><br>Preferred Mart Corp., Zint LLC, Zint Nutrition, LLC, Qualitique Sales Inc., Joel Brach, Rachel Brach, Jack Mann, Gitel Mann, Joel Moskowitz, Nachman Berkowitz, Brisk & Associates, Bernard Brisk, Joel Scher,<br><br>　　　　　　　　Defendants. | Docket No. ___ CV _____ (____)-(___)<br><br>**Complaint** |

# TABLE OF CONTENTS

NATURE OF THE ACTION ........................................................................................................... 3

JURISDICTION AND VENUE ..................................................................................................... 3

STATUTORY AND REGULATORY FRAMEWORK ................................................................ 4

PARTIES ....................................................................................................................................... 6

FACTS COMMON TO ALL CAUSES OF ACTION .................................................................. 9

    Defendant's Failure to Pay Minimum Wage Overtime Spread of Hours Pay ........................ 10

    Defendant's Failure to Promised Salary, Commissions and Benefits..................................... 11

PARTIES LEGAL STATUS ...................................................................................................... 14

    Defendants are Joint Employers of Plaintiff .......................................................................... 15

    Defendants Are Alter Egos ..................................................................................................... 15

    Corporate Defendants' Ten Largest Shareholders Are Liable For Wages Due To Mr. Glauber ........... 15

    Limited Liability Corporate Defendants' Ten Largest Members Are Liable for Wages Due To Mr. Glauber.................................................................................................................................. 16

FIRST CAUSE OF ACTION FLSA FAILURE TO PAY MINIMUM WAGE- 29 U.S.C. §§ 206.......... 16

SECOND CAUSE OF ACTION FLSA FAILURE TO PAY OVERTIME - 29 U.S.C. §§ 207 ............... 17

THIRD CAUSE OF ACTION NYSLL FAILURE TO PAY MINIMUM WAGE N.Y. LAB. L. § 652 ... 17

FOURTH CAUSE OF ACTION FAILURE TO PAY MINIMUM WAGE IN ACCORDANCE WITH THE NEW YORK STATE DEPARTMENT OF LABOR MINIMUM WAGE ORDERS 12 N.Y.C.R.R. § 142 ............................................................................................................................................ 17

FIFTH CAUSE OF ACTION FLSA FAILURE TO KEEP ADEQUATE AND ACCURATE RECORDS 29 U.S.C. § 211(C); 29 C.F.R. § 516.2 ............................................................................................ 18

SIXTH CAUSE OF ACTION TIMELY PAYMENT OF WAGES – N.Y. LAB. L. § 191 ...................... 18

SEVENTH CAUSE OF ACTION WAGE DEDUCTIONS – N.Y. LAB. L. § 193.................................. 19

EIGHTH CAUSE OF ACTION WRITTEN NOTICE PROVISIONS – N.Y. LABOR L. § 195............. 20

NINTH CAUSE OF ACTION WAGE STATEMENTS AND FAILURE TO KEEP ACCURATE RECORDS – N.Y. LABOR L. § 195 (1) (3) ............................................................................................ 20

TENTH CAUSE OF ACTION FAILURE TO PAY MR. GLAUBER COMMISSIONS OR PROVIDE WAGE SATEMENTS AS REQUESTED – N.Y. LABOR L. § 191(C)....................................................... 21

ELEVENTH CAUSE OF ACTION SPREAD OF HOURS PAY, SPLIT SHIFT PAY OR CALL-IN PAY 12 N.Y.C.R.R. § 142-2.4 N.Y.C.R.R. tit. 12, §§ 137-1.7, 142-2.4(a); 142-2.3; 142-2.4 (b) & (c)............. 21

TWELFTH CAUSE OF ACTION DISCRIMINATION ON THE BASIS OF MARITAL STATUS N.Y. EXEC. LAW § 296(1)(A)............................................................................................................... 22

THIRTEENTH CAUSE OF ACTION FLSA RETALIATION, 29 U.S.C. § 215(A)(3) ........................... 22

FOURTEENTH CAUSE OF ACTION RETALIATION UNDER NEW YORK LABOR LAW, N.Y. LAB. LAW § 215(1)(A) ................................................................................................................ 23

FIFTEENTH BREACH OF CONTRACT ................................................................................................23

SIXTEENTH CAUSE OF ACTION TORTIOUS INTERFERENCE WITH CONTRACT AND
PROSPECTIVE ECONOMIC OPPORTUNITY ......................................................................................24

DAMAGES............................................................................................................................................25

COMPUTATION OF DAMAGES.........................................................................................................26

## NATURE OF THE ACTION

1.      Plaintiff, Pinkas Glauber ("Mr. Glauber"), brings this action against Defendants
Preferred Mart, Qualitique Sales Inc., ("Corporate Defendants") Zint LLC and Zint Nutrition,
LLC, ("Limited Liability Defendants") as well as Jack Mann, Rachel Brach, Joel Brach, Joel
Moskowitz, Positive Computer Services, Abe Schwartz, Schwartz Schwartz & Co CPA's,
Nachman Berkowitz, Joel Scher, Bernard Brisk, Brisk & Associates, Inc., (all Collectively
"Defendants" and "Employers") to recover damages for wage and hour violations, wage theft,
retaliation and discrimination action to recover unpaid wages for work he performed for
Defendants from January 2013 through December 2016

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. Section 216(b)
and 28 U.S.C. Section 1331, and has supplemental jurisdiction over Plaintiff s state law claims
pursuant to 28 U.S.C. Section 1367.

3.      Venue is proper in the Southern District pursuant to 28 U.S.C. Section 1391,
because the conduct giving rise to the complaint took place in this judicial district.  Furthermore,
Plaintiff resides and, upon information and belief, Defendants have a principal place of business
in this district.

## STATUTORY AND REGULATORY FRAMEWORK

1.      Congress passed the Fair Labor Standards Act ("FLSA") in 1938 in order to protect workers from substandard wages, oppressive working hours, and labor conditions detrimental to the maintenance of a minimum standard of living.  The statute has both remedial and humanitarian purposes designed to protect human dignity.

2.      At the heart of the FLSA are provisions requiring employers to pay a minimum wage and setting overtime pay rates.  29 U.S.C. § 206.  Since July 25, 2008, the minimum wage is set at $7.25 per hour.  The FLSA also requires that employers pay their employees one and a half times the hourly rate of pay for any hours worked in excess of 40 hours per week. 29 U.S.C. § 207.

3.      Covered employers under the FLSA are those who engage in related activities in commerce for a common business purpose and who have a gross volume of business which is not less than $500,000.00 per year.  Employees under FLSA are any individuals employed by a covered employer. 29 U.S.C. Section 203.

4.      The New York Labor Law's minimum wage and overtime provisions were enacted to eliminate the condition of uncompensated or undercompensated work.  In passing the minimum and overtime wage provisions, the New York Legislature emphasized that uncompensated labor harms workers and uncompensated labor harms the well-being of society as a whole. NYLL § 650.

5.      The Legislature found: There are persons employed in some occupations in the state of New York at wages insufficient to provide adequate maintenance for themselves and their families. Such employment impairs the health, efficiency, and well-being of the persons so employed, constitutes unfair competition against other employers and their employees, threatens the stability of industry, reduces the purchasing power of employees, and requires, in many

instances, that wages be supplemented by the payment of public moneys for relief or other public and private assistance.

6.     Employment of persons at these insufficient rates of pay threatens the health and well- being of the people of this state and injures the overall economy.

7.     Under New York Labor Law, any individual, limited liability company, corporation or organized group acting as an employer, is a covered employer.  A covered employee is any individual employed or permitted to work in any occupation.  New York Labor Law Section 651.

8.     Pursuant to Part 142 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the state of New York (Cited as 12 NYCRR 142) promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) Statutory authority: Labor Law, Article 2, § 21 (11) and Article 19, § 652 As amended Effective December 31, 2013 (during Mr. Glauber's employment) New York State Labor Law established a minimum wage of $8.00 per hour on and after December 31, 2013; $8.75 per hour on and after December 31, 2014; $9.00 per hour on and after December 31, 2015, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or its successors.

9.     Employers covered by the FLSA must make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment.  29 U.S.C. Sections 21 l(c) and 21 S(a).  Similarly, under New York State Labor Law, employers must establish, maintain and preserve for not less than six years, detailed payroll records, including any allowances, if claimed as part of the minimum wage. N.Y.C.R.R.  141-2.1 (a).

10.    New York State Labor Law § 191 requires that an employee be paid no less frequently than every two weeks and that a manual worker be paid no less frequently than weekly.

11.    Where an employer's violations of the FLSA are willful and intentional and where the employer has not made a good faith effort to comply with the FLSA, the employee will be entitled to recover his unpaid minimum wages and an equal amount in liquidated damages, prejudgment interest as well as reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C. Section 216(b).

12.    Under New York Labor Law, an employer's willful violation of minimum wage law and orders entitles the employee to unpaid minimum wages, reasonable attorney's fees, costs of the action and liquidated damages equal to one-hundred percent of the total amount of wages found to be due. New York Labor Law Section 663(1).

## PARTIES

13.    Plaintiff Pinkas Glauber currently resides in Rockland County in Monsey, New York.

14.    Mr. Glauber at all relevant times was not married.

15.    Mr. Glauber was employed by Defendants and their affiliated entities from 2013 through his wrongful termination on December 17, 2016. In 2013, Mr. Glauber began working in the warehouse, gradually moved his way up to office work, and eventually became a prime generator of sales to various vendors. While employed by Preferred Mart, Mr. Glauber also created Qualitique sales and spearheaded Defendant's Zint Nutrition line of products through the Zint trademark, Qualitique Sales Inc., Zint LLC and Zint Nutrition, LLC, (Zint properties).

16.    Preferred Mart Corp. ("Preferred Mart") was an employer of Mr. Glauber. Preferred Mart. is a Domestic Business Corporation with a registered address of 48 Bakerstown rd. Suite 403 Monroe, New York, 10950, and conducts its operations out of, 334 County Rd 49, Middletown, NY 10940.

17.     Company Zint LLC ("Zint") was an employer of Mr. Glauber. Zint is a Foreign Limited Liability Corporation registered on November 19, 2015 in Wyoming, a registered address of 48 Bakerstown Rd. Suite 403, Monroe, New York, 10950, and conducts its operations out of 334 County Rd 49, Middletown, NY 10940.

18.     Qualitique Sales Inc. ("Qualitique") is a New York Domestic Business Corporation incorporated in Orange County on February 2, 2015 in anticipation of the creation of Zint LLC. Its address is located in the home of Mr. Scher at 6 Mezabish Pl. #302, Monroe, New York 10950. Qualitique conducts its operations out of, 334 County Rd 49, Middletown, NY 10940. The registered CEO name is Rachel Brach. Upon information and belief Qaulitique Sales Inc, was a holding company used to create the Zint Entities and is an alter ego of Preferred Mart and Zint entities. Zint products were purchased via Qualitique.

19.     Zint is a trademark of Zint, LLC and upon information and belief, Zint also does business as Zint Nutrition (Zint, Zint LLC, Qualitique Sales, Inc. and Zint Nutrition collectively referred to as "Zint entities" or "Zint Properties").

20.     Brisk & Associates, Inc. ("Brisk") is a New York Domestic Business Corporation located in Orange County with an address of 141 Acres Road #104, Monroe, New York 10950. Brisk operates out of 6 Toltchav Way # 103, Monroe, New York 10950. Brisk's CEO is Mr. Bernard B (Chesky) Brisk Jr ("Mr. Brisk")

21.     Mr. Brisk through his company Brisk provided business coaching to the Zint Properties and Preferred Mart. Brisk was integrally involved in Zint and Preferred Mart operations and employment decisions concerning Mr. Glauber. Mr. Brisk negotiated on behalf of, and made decisions concerning Mr. Glauber's wages and Termination in conjunction with Mr. Brach and Mr. Mann on behalf of Preferred Mart and Zint.

22.     Upon information and belief, Gitel Mann is a member and shareholder of Preferred Mart Corp., Zint LLC and Zint Nutrition, LLC. Ms. Mann resides at 5 Schunnemunk RD, # 303 Monroe, NY 10950.

23.     Upon information and belief, Yochanan (Jack) Mann is a shareholder of Preferred Mart Corp., and member of Member and Zint LLC and Zint Nutrition, LLC. Mr. Mann resides at 5 Schunnemunk Rd #303 Monroe, New York, 10950.

24.     Upon information and belief, Joel Brach is a shareholder of Preferred Mart Corp., and member of Member and Zint LLC and Zint Nutrition, LLC. Mr. Brach resides at 18 Chevron Road #402, Monroe, New York 10950.

25.     Upon information and belief, Rachel Brach is a shareholder of Preferred Mart Corp., and member of Member and Zint LLC and Zint Nutrition, LLC Ms. Rachel Brach resides at 18 Chevron Road #402, Monroe, New York 10950.

26.     Joel Moskowitz was an employer of Mr. Glauber and is an individual who resides at 21 Chevron Rd #201 Monroe, New York 10950. Mr. Moskowitz is the head of information technology at Preferred Mart and the Zint Properties. Mr. Moskowitz supervised Mr. Glauber's activities with regard to his work relating to information technology.

27.      Nachman Berkowitz is an individual who resides at 12 Quickway Rd #003, Monroe, New York 10950. Mr. Berkowitz was an employer of Mr. Glauber and was involved in the termination of Mr. Glauber. Mr. Berkowitz also now occupies the same position that Mr. Glauber held, however unlike Mr. Glauber; Mr. Berkowitz is married and is a highly compensated executive, and upon information and belief was involved in the unlawful termination of Mr. Glauber.

28.     Joel Scher, at all relevant times was the Chief Financial Officer of Preferred Mart and the Zint Properties. Mr. Scher is an individual who resides at 6 Mezabish Pl #302 Monroe, New York 10950. Mr. Scher's residence is also the mailing address of Qualitique Sales Inc. Mr. Scher was an employer of Mr. Glauber and was involved in the recordkeeping and payment of wages to Mr. Glauber.

## FACTS COMMON TO ALL CAUSES OF ACTION

29.     Mr. Glauber was employed by Defendants and their affiliates, from 2013 through his wrongful termination on December 17, 2016.

30.     In 2013, Mr. Glauber began working in the warehouse, gradually moved his way up to office work, and eventually became a prime generator of sales to various vendors. Throughout his employment, Mr. Glauber worked at least fifty-four (54) hours per week, i.e. more than Ten (10) hours a day, Sunday through Thursday and four (4) hours on Friday.

31.     In early 2015 while working at Preferred Mart, Mr. Glauber was approached by company officials interested in creating their own line of products, for which Mr. Glauber was promised an increase in wages to a $100,000 salary along with a bonus of $30,000 for development of a new line of products for 2015.

32.     To that end, Mr. Glauber developed the "Zint" brand name based on the Yiddish word "Ge'Zint" *lit.* "health" and embarked on developing a line of products for sale under the Zint brand. In February 2015, Mr. Glauber created Qualitique Sales Inc, to conceal the development of the Zint health nutrition products line.

33.     In November 2015, Mr. Glauber spearheaded the incorporation of Zint LLC and spearheaded Defendant's Zint Nutrition line of products through the Zint trademark, Qualitique

Sales Inc., Zint LLC and Zint Nutrition, LLC, (Zint properties). Mr. Brach asked that Mr. Glauber work solely on the Zint line of products and promised Mr. Glauber a percentage of the profits.

34.     In negotiating the transition to Zint from Preferred Mart, Mr. Brach and Mr. Brisk proposed in a December 2015 email to Mr. Glauber that in 2016 he would receive a $75,000 salary plus commissions of 15% on Zint sales. Although the salary was not contingent on projected sales target of more than two million dollars ($2,000,000), the projected target was Mr. Glauber's justification for the increase in salary.

35.     However, in February of 2016, Mr. Glauber was still responsible for his duties at Preferred Mart, but wasn't being compensated for it notwithstanding their agreement. Ultimately, Mr. Glauber negotiated a $150,000 Salary with fifteen percent (15%) commissions (i.e. no less than $300,000 or 15% of $2,000,000), as well as, car expenses and health insurance benefits. Additionally, Mr. Brach promised he would maintain Zint's capitalization in excess of $1,000,000 in order to fulfill orders and roll out the products and fund Zint operations so that sales would exceed Two Million, and Mr. Glauber's commissions would exceed $300,000. Mr. Glauber was the intended beneficiary of that agreement. Notwithstanding same, Mr. Glauber continued to be paid below minimum wage and did not receive his bargained for benefits.

36.     Mr. Brach's refusal to capitalize Zint as agreed, directly and negatively affected Zint's sales and therefore Mr. Glauber's accrued commissions.

**Defendant's Failure to Pay Minimum Wage Overtime Spread of Hours Pay**

37.     Defendants failed to pay minimum wage and overtime in violation of Fair Labor Standards Act, 29 U.S.C. §§ 206 & 207(a)(1) and N.Y. Labor Law §§ 652(4), 650 and N.Y.C.R.R. tit. 12, §§ 137-1.3 & 1.4.

38.     Throughout this period, Mr. Glauber worked at least fifty-four (54) hours per week, Sunday through Friday, and more than ten (10) hours a day, four (4) days per week, Sunday through Thursday.

39.     Mr. Glauber was required to be on call after regular business hours, as his work involved dealing with numerous overseas vendors, particularly in China when calls, emails and other communications were conducted between 11 P.M and 3 AM.

40.     Mr. Glauber also spent several consecutive days abroad, on road shows, working far in excess of ten hours a day for which Mr. Glauber was not compensated.

41.     For the years 2013 and 2014 Mr. Glauber was paid less than two hundred dollars ($200.00) per week and worked regularly more than fifty-four (54) hours, and paid only three dollars and seventy cents an hour ($3.70)!

42.     In 2013, during Mr. Glauber's his first year, on an average week, Mr. Glauber was paid only two hundred ($200.00) dollars for fifty-four hours of work, when he should have received a total of nine hundred and twenty-four dollars and fifteen cents ($924.15) per week (i.e. eight hundred a eighteen dollars and ten cents ($818.10) in regular pay; and one hundred and six dollars and five cents ($106.05) in overtime; as well as spread of hours pay of Seventy-Five Dollars and Seventy Five Cents ($75.75) per week.

**Defendant's Failure to Promised Salary, Commissions and Benefits**

43.     Although he was promised a different and increased salary for each year; i.e. 2013 - $31,520.00; 2014 - $62,400.00; 2015 - $100,000.00; and 2016 - $150,000.00 as well as 15% commissions on sales, Bonuses, Health Insurance as well as reimbursement for travel expenses, Mr. Glauber received only $200.00 per week. Mr. Glauber never received overtime and reimbursement for travel expenses was paid as part of his salary.

44.     Based on records available to Mr. Glauber, in 2015 Mr. Glauber received reimbursements in the amount of four thousand dollars ($4,000.00) and per weekly salary of two hundred and eighty dollars and thirty-four cents ($280.34) per week for the first half of 2015 and two hundred and ninety-six dollars and sixty-four cents ($296.64) per week for the remainder of 2015.

45.     As of December 2016, Defendants failed to pay Mr. Glauber in excess of five hundred thousand six hundred ninety-six dollars and eighty-seven cents $500,696.87 for unpaid hourly wages.

46.     Although Mr. Glauber regularly worked more than 10 hours a day, Defendants failed to pay "spread of hours" compensation under N.Y.C.R.R. tit. 12, §§ 137-1.7, 142-2.4(a), and although Mr. Glauber also worked a split shift, while making calls to overseas vendors, Mr. Glauber did not received split shift pay, or 142-2.3 for call-in pay to be available for making oversees calls during the night, and 142-2.4 (b) & (c) for split shift and spread of hours or both, in an amount in excess of forty-three thousand two hundred thirty-four dollars and twenty-three cents ($43,234.23).

47.     Mr. Glauber was also entitled to 15% commissions in the sales he generated through the development of the Zint properties, although the amount owed would be determined through discovery, upon information and belief he is owed over three hundred thousand dollars of 2,000,000 in sales generated in 2016.

48.     Mr. Glauber is also entitled to commissions of sales continuing to be generated through Zint Properties.

49.     Defendants failed to comply with NYLL § 195(3) which required defendants to furnish Mr. Glauber with a statement with every payment of wages" that lists various categories

of information, including "the number of overtime hours worked" and the amount of commissions earned.

50.     At one point, Mr. Glauber received $72,000 for commissions owed in arrears paid to Plaintiff's Sole Proprietorship created after his termination, thirteen thousand dollars ($13,000) of which was "in lieu" of Mr.Brach's refusal to pay him on the books. Plaintiff received no other compensation.

51.     Mr. Glauber was also discriminated against and refused his wages as a result of his familial status of being single. In flagrant violation New York State Human Rights Law's prohibitions from imposing an adverse employment action on an individual employee "because he or she is single, married, divorced, separated or the like," When Mr. Glauber complained about his pay, Mr. Brach, an owner of the company, would often say, "What do you need the money for? your single, you don't have a family!"

52.     When Mr. Glauber complained about the failure to pay commissions and commingling of commission funds between Defendants' various entities, Mr. Brach refused, and ultimately terminated Mr. Glauber in retaliations for Mr. Glauber's wage complaints. Defendants retaliation for said complaints violated, the New York Labor Law (NYLL) § 215 (1)(a) and the FLSA's anti retaliation provisions 29 U.S.C. § 215(a).

53.     Defendants actions manifest a conscious disregard of the rights of Mr. Glauber with a high degree of moral culpability.

54.     Defendants have in the past refused to pay employees under similar circumstances.

## PARTIES LEGAL STATUS

55.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. Section 203.

56.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00 per year.

57.    Upon information and belief, at all relevant times, Defendants were engaged in interstate commerce.

58.    At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law.

59.    Under New York Labor Law § 190 (3), the term "employer" is defined expansively to include "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

60.    Under New York Labor Law § 651 (6) "employer" is defined to include "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

61.    The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and the NYLL as "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer," N.Y. LAB. LAW § 651(5).

62.    At all relevant times Mr. Glauber was suffered or permitted to do work on behalf of Defendants.

63.     Upon information and belief Mr. Glauber was wrongfully terminated on December 17, 2016 in retaliation for his complaints regarding his wages and conditions of employment, and replaced with Mr. Moskowitz.

**Defendants are Joint Employers of Plaintiff**

64.     Defendants are Joint Employers of Mr. Glauber and acted in conjunction with each other to control the workplace activities of Mr. Glauber, and Mr. Glauber regularly provided the same and similar services Defendants.

**Defendants Are Alter Egos**

65.     Defendant entities all operate from the same location, and are virtually indistinguishable from one another. Mr. Brach regularly commingled funds between entities, and did not observe corporate formalities with regard to the control or operation of the entities. Moreover, said entities were used as fronts to hide the operations of the various entities.

**Corporate Defendants' Ten Largest Shareholders Are Liable For Wages Due To Mr. Glauber**

66.     New York Business Corporation Law § 630 (a) provides for the liability of the ten largest shareholders for wages due to laborers, servants or employees.

67.     On January 5, 2017, counsel for Mr. Glauber timely provided notice pursuant to New York Business Corporation Law § 630(a) to Mr. Brach, Ms. Brach, Mr. Mann and Ms. Mann, and Defendants' counsel of Mr. Glauber's intent to hold the ten largest shareholders of his former employers liable for unpaid wages as well as notice of duty to preserve and avoid spoliation. Annexed hereto as Exhibit A.

**Limited Liability Corporate Defendants' Ten Largest Members Are Liable for Wages Due To Mr. Glauber**

68.     New York Limited Liability Corporation Law § 609 (c) provides that the ten members with the largest percentage ownership interest of each limited liability company ("LLC") in New York State personally liable, jointly and severally, "for all debts, wages or salaries due and owing to any of [the LLC's] . . . laborers, servants or employees, for services performed by them for" the LLC.

69.     On December 16, 2016 counsel for Mr. Glauber provided Mr. Brach, Ms. Brach, Mr. Mann and Ms. Mann, Defendants' counsel with a preservation and spoliation notice along with notice of intent to hold liable the ten members with the largest percentage ownership interest of each limited liability company employer of Mr. Glauber under New York Limited Liability Corporation Law § 609 (c). Annexed hereto as Exhibit B.

FIRST CAUSE OF ACTION FLSA FAILURE TO PAY MINIMUM WAGE- 29 U.S.C. §§ 206

70.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

71.     Upon information and belief, at all relevant times, Defendants were and continue to be employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. Section 206(a).

72.     Defendants failed to pay Plaintiff the statutory minimum wage for the hours he worked , in violation of the FLSA, 29 U.S.C. Section 206(a).

## SECOND CAUSE OF ACTION FLSA FAILURE TO PAY OVERTIME - 29 U.S.C. §§ 207

73.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

74.     Upon information and belief, at all relevant times, Defendants were and continue to be employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. Sections 207(a).

75.     Plaintiff is a covered individual within the meaning of the FLSA, 29 U .S.C. Section 207 (a).

76.     Defendants failed to pay overtime wages to Plaintiff in violation of the FLSA, 29 U.S.C. Section 207.

## THIRD CAUSE OF ACTION NYSLL FAILURE TO PAY MINIMUM WAGE N.Y. LAB. L. § 652

77.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

## FOURTH CAUSE OF ACTION FAILURE TO PAY MINIMUM WAGE IN ACCORDANCE WITH THE NEW YORK STATE DEPARTMENT OF LABOR MINIMUM WAGE ORDERS 12 N.Y.C.R.R. § 142

78.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

79.     New York Labor Law, 12 NYCRR 142-2.2 (NYLL) requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject tot the exemptions of the . . . Fair Labor Standards Act [FLSA]."

80.     Defendants failed knowingly and discriminatorily failed to do so.

## FIFTH CAUSE OF ACTION FLSA FAILURE TO KEEP ADEQUATE AND ACCURATE RECORDS 29 U.S.C. § 211(C); 29 C.F.R. § 516.2

81.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

82.     Pursuant to 29 U.S.C. § 211(c), an employer has the duty to keep accurate records of employees' "wages, hours, and other conditions and practices of employment." See also 29 C.F.R. §§ 516.2, 516.3. The regulations explicitly state that an employer must record, inter alia, "[h]ours worked each workday and total hours worked each workweek." 29 C.F.R. § 516.2(a)(7).

83.     Defendants intentionally did not keep records to avoid paying Mr. Glauber his lawfully owed wages.

## SIXTH CAUSE OF ACTION TIMELY PAYMENT OF WAGES – N.Y. LAB. L. § 191

84.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

85.     Under New York Labor Law § 190 (a) and 191 wages for all "labor or services rendered" must be paid to the employee within the time specified by statute and/or the Commissioner of Labor.

86.     Mr. Glauber was entitled to and Defendants refused to make timely payment for all labor and services rendered weekly by Mr. Glauber as a Laborer; and all commissions and other wages no less than once a month as a commissioned salesperson.

87.     Defendants willfully and discriminatorily refused to make timely payment of wages, and has yet to pay the lion's share of payments on said wages.

SEVENTH CAUSE OF ACTION WAGE DEDUCTIONS – N.Y. LAB. L. § 193

88.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

89.     Labor Law § 193 prohibits employers from making any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit. Additionally, Repayments by separate transaction are also forbidden pursuant to Labor Law § 193 (2)

90.     Defendants failed to properly pay wages and made deductions from Mr. Glauber's pay in an unlawful manner, since the net payment was below the amount of wages due and payable at that time. To wit, on one occasion where limited payments were made for commissions owed, Mr. Glauber was paid to his company rather than as an employee as a separate transaction in violation of  Labor Law § 193 (2)

EIGHTH CAUSE OF ACTION WRITTEN NOTICE PROVISIONS – N.Y. LABOR L. § 195

91.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

92.     In violation of Labor Law § 195.1, Defendants failed to give written notice to Plaintiff regarding his rate of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or others, the regular pay day designated, the name of the employer, any `doing business as' names used by Defendants, the physical address of Defendants' main office or principal place of business and a mailing address, etc.

NINTH CAUSE OF ACTION WAGE STATEMENTS AND FAILURE TO KEEP

ACCURATE RECORDS – N.Y. LABOR L. § 195 (1) (3)

93.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

94.     Defendants failed to keep accurate records or provide Mr. Glauber with wage statements. Pursuant to Labor Law § 195 (1) Defendants were required to keep accurate records of Mr. Glauber's employment. Pursuant to Labor Law § 195 (3) Defendants were required to provide wage statements calculating the gross wages; deductions; allowances, if any, claimed as part of the minimum wage and net wages.

TENTH CAUSE OF ACTION FAILURE TO PAY MR. GLAUBER COMMISSIONS OR

PROVIDE WAGE SATEMENTS AS REQUESTED – N.Y. LABOR L. § 191(C)

95.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation
contained in the previous and forgoing paragraphs with the same force and effect as though fully
set forth at length herein.

96.     A commission salesperson shall be paid the wages, salary, drawing account,
commissions and all other monies earned or payable. The employer shall furnish a commission
salesperson, upon written request, a statement of earnings paid, or due and unpaid.

97.     Defendants failed to pay Mr. Glauber for his commissions due on sales generated
via the Zint Properties

98.     Defendants commingled assets to avoid accrual of commissions due to Mr. Glauber

99.     Defendants refused to provide records and wage statements on demand or
otherwise.

ELEVENTH CAUSE OF ACTION SPREAD OF HOURS PAY, SPLIT SHIFT PAY OR

CALL-IN PAY 12 N.Y.C.R.R. § 142-2.4 N.Y.C.R.R. tit. 12, §§ 137-1.7, 142-2.4(a); 142-2.3;

142-2.4 (b) & (c)

100.    Plaintiff repeats, reiterates and re-alleges each and every factual allegation
contained in the previous and forgoing paragraphs with the same force and effect as though fully
set forth at length herein.

101.    New York law provides that an employee whose workday is longer than ten hours
must receive one hour's pay "at the basic minimum hourly wage rate." N.Y.C.R.R. tit. 12 § 137-

1.7. The measure of the workday for this purpose is the number of hours from the time the employee starts his work until he finishes, including both work time and non-working time.

102.     Employers are also required to pay split shift pay and call-in pay, however none of the hours worked for said shifts or call-in availability were made by Defendants.

103.     From Sunday through Thursday, Mr. Glauber's workday was more than ten hours. Defendants failed to provide Mr. Glauber with Spread of Hours pay as required by New York Law.

## TWELFTH CAUSE OF ACTION DISCRIMINATION ON THE BASIS OF MARITAL STATUS N.Y. EXEC. LAW § 296(1)(A)

104.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

105.     Pursuant to N.Y. Exec. Law § 296(1)(a) an employer is prohibited from imposing an adverse employment action on an individual employee "because he or she is single, married, divorced, separated or the like." Manhattan Pizza Hut, Inc. v. New York State Human Rights Appeal Board, 51 N.Y.2d 506, 512 (1980); Pibouin v. CA, INC., 867 F. Supp. 2d 315 (E.D.N.Y. 2012)

## THIRTEENTH CAUSE OF ACTION FLSA RETALIATION, 29 U.S.C. § 215(A)(3)

106.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

107.     The anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 USC § 215(a)(3), prohibits discharging an employee for making internal complaints to an employer about violations of the FLSA.

## FOURTEENTH CAUSE OF ACTION RETALIATION UNDER NEW YORK LABOR LAW, N.Y. LAB. LAW § 215(1)(A)

108.     110.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

109.     Under New York Labor Law (NYLL) § 215 (1)(a), "no employer . . . shall discharge, thereafter, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his . . . employer . . . (ii) . . . that the employer has violated any provision of [the Labor Law]"

## FIFTEENTH BREACH OF CONTRACT

110.     Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

111.     Mr. Glauber entered into an employment agreement under which he was to receive commissions of sales generated through the Zint Properties.

112.     Mr. Brach Agreed to fund the operations of Zint to and maintain Zint's capitalization in excess of $1,000,000 in order to fulfill orders and roll out the products and fund Zint operations so that sales would exceed Two Million.

113.    Mr. Glauber was the intended beneficiary of this obligation to capitalize Zint, i.e. so that commissions would exceed $300,000.

114.    Mr. Glauber relied on said capitalization promises.

115.    Mr. Glauber performed his employment obligations and in good faith met the target of 2 Million in Gross sales.

116.    and exceeded his target of Mr. Glauber was the intended beneficiary of that agreement. Notwithstanding same, Mr. Glauber continued to be paid below minimum wage and did not receive his bargained for benefits.

117.    Mr. Brach's refusal to capitalize Zint as agreed.

118.    Mr. Glauber did not receive the bargained for commissions.

## SIXTEENTH CAUSE OF ACTION TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE ECONOMIC OPPORTUNITY

119.    Plaintiff repeats, reiterates and re-alleges each and every factual allegation contained in the previous and forgoing paragraphs with the same force and effect as though fully set forth at length herein.

120.    In connection with Mr. Brach's breach of the agreement to capitalize Zint operations, Mr. Brach diverted Zint funds and thereby interfered with the operations of Zint.

121.    Said undercapitalization prevented Zint from realizing sales as Mr. Glauber was unable to develop sufficient product to meet market demand.

122.    Mr. Brach did so without justification.

123.    Mr. Glauber' s commissions were thus directly affected by Mr. Brach's interference with Zint Operations.

# DAMAGES

124. Under the FLSA, a plaintiff who demonstrates that he was improperly denied either minimum wages or overtime may recover, in addition to reimbursement of unpaid wages, an amount equal to the unpaid wages. 29 U.S.C. §§ 216(b)

125. Defendants' violations of the FLSA, as described herein, were willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff. Plaintiff is entitled to recover from Defendants, jointly and severally, amounts to be determined at trial for his unpaid minimum wages, an equal amount as liquidated damages, reasonable attorneys' fees, and the costs of the action, pursuant to 29 U.S.C. Section 216(b)

126. Due to Defendants' New York Labor Law violations, Mr. Glauber is entitled to recover from Defendants amounts to be determined at trial for his unpaid wages, an additional amount as liquidated damages equal to one hundred percent (100%) of the total amount of the wages found to be due, reasonable attorneys' fees and costs and disbursements of this action, pursuant to New York Labor Law Sections 663(1) et seq. and 198.

127. Defendants knowingly and willfully violated Plaintiff s rights by failing to pay him the required wages in the lawful amount for hours worked in violation of New York Labor Law.

128. A plaintiff who prevails under the anti-retaliation provision of the FSLA may be awarded "such legal or equitable relief as may be appropriate ... including without limitation; employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages", 29 U.S.C. § 216(b), and possibly punitive damages.

129.    An award of punitive damages is appropriate, as Defendants actions manifest a conscious disregard of the rights of Mr. Glauber, with a high degree of moral culpability.

## COMPUTATION OF DAMAGES

| | Accrued Wages with Payments | | | | | |
|---|---|---|---|---|---|---|
| | Base Hourly Pay | Overtime | Straight Pay | Commissions | Bonus | Paid |
| 2013 | $ 42,783.60 | $ 12,347.25 | $ 3,651.15 | | | $ 9,807.69 |
| 2014 | $ 85,380.00 | $ 26,190.00 | $ 7,350.00 | | | $ 10,000.00 |
| 2015 | $ 126,642.72 | $ 26,395.92 | $ 11,683.44 | | $ 30,000.00 | $ 15,160.28 |
| 2016 | $ 194,868.24 | $ 41,469.00 | $ 17,957.88 | $ 300,000.00 | | $ 16,074.37 |
| Total | $ 449,674.56 | $ 106,402.17 | $ 40,642.47 | $ 300,000.00 | $ 30,000.00 | $ 51,042.34 |

| | Subtotal | Liquidated Damages | | NYLL Prejudgment |
|---|---|---|---|---|
| | Accrued Wages Due | FLSA | NYLL | Interest |
| 2013 | $ 48,974.31 | $ 48,974.31 | $ 48,974.31 | $ 11,387.49 |
| 2014 | $ 108,920.00 | $ 108,920.00 | $ 108,920.00 | $ 21,832.80 |
| 2015 | $ 179,561.80 | $ 179,561.80 | $ 179,561.80 | $ 31,028.28 |
| 2016 | $ 538,220.75 | $ 538,220.75 | $ 538,220.75 | $ 43,057.66 |
| Total | $ 875,676.86 | $ 875,676.86 | $ 875,676.86 | $ 107,306.23 |

| WTPA Wage Statement | $ 5,000.00 |
|---|---|
| Additional Payments | $ (59,000.00) |
| Total Damages | $ 2,680,336.80 |

130.    In addition to the above delineated damages, Plaintiff is entitled to compensation for travel expenses auto and health insurance benefits

131.    Mr. Glauber is entitled to commissions from Zint sales.

132.    Mr. Glauber is also entitled to damages for breach of contract.

133.    Mr. Glauber is entitled to damages for Mr. Brach's tortious interference.

134.    Mr. Glauber is entitled to additional damages to be determined after discovery.

WHEREFORE, Mr. Glauber respectfully requests such and other further relief including Attorney's fees and costs and such relief as the court deems just and proper.

Dated: West Hempstead, New York
       June 15, 2017

                                        Respectfully submitted,

                                        STEVEN A. FELDMAN, ESQ. (SF 2921)
                                        Attorney for Defendants
                                        763 Dogwood Ave
                                        West Hempstead, NY 11552
                                        Phone:  (516) 537-8357
                                        Fax:     (516) 213-2415

Cc: Counsel for Plaintiff (ECF)